## OTTAWA HILLS CO v
## OTTAWA HILLS (Village)

Ohio Appeals, 6th Dist, Lucas Co

No 2490.  Decided June 22, 1931

Messrs. Marshall, Melhorn, Marlar & Martin, Toledo, for plaintiff.

Mr. H. T. Towe, and Messrs. Doyle & Lewis, and Mr. Harold W. Fraser, Toledo, for defendant.

### WILLIAMS, J.

Two or three years ago, or perhaps a little more, thereafter, plans were changed and the property originally intended for business purposes opposite Tea House Point on both Indian Road and Bancroft Street were allotted and sold as high class resi-

dence property, so that at the time of the bringing of this injunction suit in the court of common pleas, all of the portion of Ottawa Hills surrounding Tea House Point had been sold and fine residences had been erected. Tea House Point is a triangular piece of property located at the intersection of Bancroft Street and Indian Road, with Secor Road running practically at right angles to Bancroft Street just beyond, so that the three streets form five points. Most of the people residing in Ottawa Hills do business in Toledo, and it is estimated that at least 75% of the traffic from Ottawa Hills to Toledo, and vice versa, passes through the entrance in front of Tea House Point. All of the property so platted is what may be called highly restricted and the dwelling houses constructed thereon are expensive in character. When the land reserved for business property on Bancroft Street opposite Tea House Point was allotted and sold, two of the properties were acquired by one Harry Wilds, one in 1919 and the other in 1920, and at the time of purchase it was represented to him by Mr. E. H. Close, president of The Ottawa Hills Company, that the original plan of putting up business buildings had been abandoned and that no commercial business would be placed on Tea House Point, but that it might be used for a town hall or something of that character. Had the purchasers of lots on Bancroft Street and Indian Road immediately adjacent to Tea House Point, known that it was to be used for business purposes, it would have been extremely difficult to sell those lots for high class, highly restricted residence property.

In 1924 the Village passed an ordinance declaring all land within the Village should be used for residence purposes. This ordinance remained in force until July 20, 1926, when it was repealed and an ordinance enacted which provided that all property in the Village should be used for residential purposes except Tea House Point and providing that Tea House Point could be used for business buildings. This ordinance remained in force until it was repealed in August, 1928, about two months before the passage of the zoning ordinance. April 14th, 1928, an advertisement was published in the Toledo Blade by The Reuben Realty Company, which became the sales agent of The Ottawa Hills Company. This advertisement was headed "Permanence. What happened to X Street will never happen to Ottawa Hills", and above it appeared a beautiful residence section, unmarred by business blocks, with an inset which shows a fine residence

property with a business block of some kind on one side and a grocery and gasoline station on the other. Apparently the inset is X Street, and the illustration proper, Ottawa Hills. In reason it is inferable that many persons bought lots and built magnificent and expensive homes in the immediate vicinity of Tea House Point with the expectation that it would never be used for business purposes.

There is located on Tea House Point an old residence building with wings added thereto which from about 1920 until December, 1924, was used as a Tea House where special dinners and meals were served at noon and in the evening for special parties. Its use in this respect was encouraged to attract prospective real estate buyers to this section in order to sell them lots. From the Fall of 1925 up to the Fall of 1930, this Tea House was used as a village school, and during a large part of the time since that date it has been used for worship by the Hope Lutheran Church.

It is thus apparent that many who bought homesites in Ottawa Hills were led to believe that Tea House Point would not be used as a site for business blocks.

October 2, 1928, the Village Council of Ottawa Hills passed the zoning ordinance in question. This zoning ordinance is comprehensive in character, covering the whole village and dividing it into three districts, a residence district, a multiple dwelling district and a comercial district. Among other provisions, it contains the following:

"In the Residence District no building or premises shall be used and no building shall be hereafter erected or structurally altered, unless otherwise provided in this ordinance, except one or two of the following uses:

1. Private Dwellings.

2. Public Park, Playgrounds, Libraries, Community Centers, owned and operated by the municipality.

3. Churches.

4. Public or Private Schools.

5. Accessory buildings, including one private garage when located not less than sixty (60) feet from the front lot line, nor less than fifteen (15) feet from any other street line or a private garage constructed as a part of a main building. A residence is an accessory building only if located in rear of the main building already erected and only for persons employed on the premises and their immediate families.

6. Real estate signs aggregating not over

five (5) square feet in area advertising only the sale, rental or lease of the building or premises on which they are maintained, or bulletin boards for churches. No billboard or advertising sign of any other character shall be permitted in any residence district."

The property involved in this action, Tea House Point, is zoned as residence property and it is surrounded by property zoned in the same way. The plaintiff proposes to run a street across Tea House Point from Bancroft Street to Indian Road and some distance from the point of entrance to Ottawa Hills and to construct beautiful buildings of Old English style fronting upon the new street so constructed, with store rooms upon the ground floor. These proposed buildings are exceedingly sightly and beautiful, as shown by plans and designs offered in evidence. There are to be no entrances on Bancroft Street nor on Indian Road and the yards behind are enclosed with walls artistic in outward appearance.

At a public hearing conducted prior to the enactment of the zoning ordinance, Mr. Paul Harsch, who is prominently identified with the management of The Ottawa Hills Company and heavily interested therein financially, made the statement that he was not certain that Tea House Point should be given over to business purposes.

The zoning ordinance as passed does not prevent the continued use of the buildings on Tea Huose Point for the business purposes to the extent they have heretofore been used nor does it prevent the use of the buildings for school or church purposes. Under the rule laid down in State ex rel vs. Stegner, 120 Oh St, 14, a zoning ordinance, in so far as it prevents the erection of the new proposed buildings, is a valid exercise of police power, where it does not appear that restrictions preventing the erection of such buildings have no real or substantial relation to public health, safety, morals or general welfare.

Testimony was offered through experts to the effect that the construction of these business buildings would have a direct bearing upon the public health and safety. In our judgment the inference may be drawn from the evidence adduced that the construction of business blocks on Tea House Point has a real and substantial relation to the public health, safety and general welfare.

We find that the zoning ordinance is comprehensive, is a valid exercise of the police power, and is not unconstitutional in so far as it prevents the erection of buildings designed for business purposes on Tea House Point.

The petition will therefore be dismissed.

LLOYD and RICHARDS, JJ, concur.